Burke, J.
The Appellate Division reversed on the law a judgment of the Supreme Court, Bronx County, which convicted the defendant on his plea of guilty of criminally buying and receiving stolen property. The court ruled that defendant had a right to a hearing on a pretrial motion to suppress certain evidence (the stolon property).
On this appeal from that ruling the sufficiency of the detective’s affidavit (pursuant to which the search warrant was granted) is not in issue; probable cause for the issuance of the warrant is not questioned. The only issue raised goes to the necessity of a hearing at which defendant will have an opportunity to inquire into the truthfulness of the allegations contained in the affidavit upon which the warrant was issued.
The Appellate Division depended for its conclusion upon the leading and most recent decision on this subject, People v. Alfinito (16 N Y 2d 181, 186). There Chief Judge DesmoND states the rule to be “ that section 813-c of the Code of Criminal Procedure is to be construed so as to permit an inquiry as to whether the affidavit’s statements were perjurious -, second that the burden of proof is on the person attacking the warrant”. (Emphasis added.)
Judge Wautemaue denied the motion to suppress without a hearing on the ground that there was no factual evidence to be considered at a hearing.
That decision is correct. Under these circumstances People v. Alfinito (supra) does not govern. The detective’s statement in this case asserted that a named informer, then confined in prison near the courthouse, had told the officer that defendant, acting in concert with the informer, did burglarize certain described business premises and did take a calculating machine and a barometer therefrom. The informer further stated that the machine and the barometer, as well as a pistol, were then in the unlawful possession of the defendant. According to the affidavit, the named informer also stated that the items were located either at the home of the defendant, in his automobile or at his place of business, all of which were explicitly described *480 by the informer and verified by tbe detective. Apart from general denials of tbe allegations made in tbe detective’s affidavit, defendant avers that tbe aforementioned affidavit was based “ entirely upon tbe hearsay statement of a confessed thief.”
It is plain from a reading of defendant Solimine’s affidavit that be is not attacking the veracity of the affiant detective, but rather the credibility of the named informer who was in prison. the only objection to the detective’s affidavit is in connection with the source of the information contained therein, i.e., a confessed thief of the very articles for which the search warrant was issued. Otherwise Solimine’s affidavit is barren of any facts which raise an issue respecting perjury. To warrant the relief requested, Solimine must throw doubt upon the truthfulness of the affiant’s allegations. This be has failed to do.
A challenge directed at the veracity of the informer does not put into issue the truthfulness of the affiant’s statements. When reasons are given for crediting the source of the information, and the items and their location are particularly detailed, a bearing will not be granted unless facts are set forth in the moving papers which would imply perjury. No such implication can be drawn here,' however, since the truthfulness of the statements made by the affiant detective is not discredited but for the addition of the color, model, serial number, etc., of the calculating machine, inconsequential minutiae at best. These specific details were obviously based upon information supplied to the detective by the victim who had been identified by the informer. the addition of such details to the informer’s already complete factual statement can hardly be deemed to give the affidavit an air of falsity.
Since the affidavit is sufficient and there is nothing to which the defendant has pointed which tends to impugn the truthfulness of the detective’s statements, the Appellate Division is in error in ordering a bearing purportedly under our rule laid down in People v. Alfinito (supra). Accordingly, the order of the Appellate Division should be reversed.
Chief Judge DesmoND and Judges Fuld, VaN Yoorhis, Scileppi, BeegaN and KeatiNg concur.
Order reversed and judgment of tbe Supreme Court, Bronx County, reinstated.