THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. PORTER, Appellant.

First Department, April 18, 1974.

*Philip E. Parker* for appellant.

*Barbara J. Crum Neale* of counsel (*Mario Merola, District Attorney*), for respondent.

STEUER, J. Case remitted to Trial Judge (BLOOM, J.) for hearing as directed in opinion herewith, and appeal from judgment of conviction entered January 3, 1973, Bronx County, held in abeyance pending determination of that hearing.

The defendant was convicted of possession of a dangerous drug and of a weapon as a misdemeanor. Both were obtained when police searched defendant's apartment pursuant to a warrant. The warrant was issued on the affidavit of a detective who affirmed that he was investigating a series of robberies of

equipment from Morrisania Hospital; that defendant was an employee of the hospital; and that an informer who the detective knew to be reliable had told him that in visiting defendant's apartment he had seen several of the missing articles in the apartment. The name of the informant and details of previous information given by him on which the detective judged him to be reliable were given to the Judge orally. . A motion to suppress the warrant was denied. It is correct that the averments of the affidavit were sufficient to sustain the warrant. The court stated that accordingly the only issue was whether the name of the informer and the facts establishing his reliability were given to the court issuing the warrant; and, finding that they were, denied the motion to suppress. However, that was not the only issue raised. The defendant could and did raise the issue of whether the detective's affidavit was perjurious (*People* v. *Alfinito,* 16 N Y 2d 181). There has been no finding on that subject, and we remand the case to the trial court to make the proper finding. In so doing we call attention to the precise issue, namely, the veracity of the affiant to the affidavit on which the warrant issued. In order for the defendant to succeed he must establish either that there was no such person as the claimed informant or, if there was, that he never gave the detective the information that the affidavit says he did. It is immaterial on the hearing whether or not the information, if given by the informant, is true or false (*People* v. *Alfinito, supra*; *People* v. *Solimine,* 18 N Y 2d 477).

MARKEWICH, J. P., MURPHY and LUPIANO, JJ., concur.

Case unanimously remitted to the Trial Judge, for hearing as directed in the opinion of this court filed herein, and the appeal from the judgment of the Supreme Court, Bronx County, rendered on January 3, 1973, held in abeyance pending determination of that hearing.