■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ASCANI and JAMES McAVOY, Appellants.—Appeal by defendants from two judgments of the Supreme Court, Westchester County (one as to each of them), both rendered October 16, 1974, one convicting defendant Ascani of attempted criminal possession of a controlled substance in the sixth degree, upon his plea of guilty, and imposing a definite sentence of six months' imprisonment, and one convicting defendant McAvoy of attempted defacement of weapons and dangerous instruments and appliances, upon his plea of guilty, and imposing a sentence of probation. Judgment as to defendant McAvoy affirmed. Judgment as to defendant Ascani modified, as a matter of discretion in the interest of justice, by reducing the sentence to a five-year period of probation. As so modified, said judgment affirmed, and case remitted to the Supreme Court, Westchester County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). A complainant who supplies information to the police which serves as the basis for an affidavit by a police officer to support the issuance by a court of a search warrant, need not be first given the *Miranda* warnings. Moreover, under *People v Slaughter* (37 NY2d 596), a suppression hearing lies only where a defendant attacks the veracity of the police officer affiant and not where, as here, the challenge is to the credibility of the source of information. The two-fold test of *Aguilar v Texas* (378 US 108), relating to the informant's credibility and the reliability of the information, was satisfied. As a matter of discretion in the interest of justice, we find that the lesser punishment of probation for a period of five years, the sentence imposed upon codefendant McAvoy, should suffice as to defendant Ascani (see CPL 470.20, subd 6). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.