■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES EDWARD FRISS, Appellant.—Appeal from a judgment of the County Court of Columbia County, rendered May 31, 1977, convicting defendant upon his plea of guilty of two counts of the crime of possession of gambling records in the second degree. It is contended by defendant that he was entitled to a hearing upon his motion to suppress certain evidence seized in a search of his premises in the City of Hudson. We find his argument to be without merit. The search was conducted pursuant to a search warrant issued by a Justice of the Supreme Court upon the affidavit of a Senior Investigator of the New York State Police. The affidavit was founded upon information from others conducting the investigation and, in particular, upon information of a confidential informant of known reliability whose prior information had been found to be accurate and reliable in all respects. It should be noted that both the affiant and the confidential informant appeared before the Justice at the time the warrant was issued. It was subsequently revealed that this informant was, in fact, a member of the New York State Police acting in an undercover capacity. The thrust of defendant's argument is that the informant could not have obtained the information provided by him because defendant knew him to be a police officer and he was not on defendant's premises on the occasions stated. Thus, defendant's attack is not upon the truthfulness of the person making the affidavit upon which the search was based but upon the credibility of the informant, the later identified police officer. Accordingly, the trial court was correct in summarily denying the hearing requested by defendant prior to his voluntary negotiated plea of guilt (People v Slaughter, 37 NY2d 596; People v Solimine, 18 NY2d 477; see CPL 710.60, subd 3, par [a]). Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.