*1070 OPINION OF THE COURT
William Kapelman, J.
This court is presented with an issue presently unsettled in New York: whether a defendant can attack the validity of a search warrant on the grounds that the application for the warrant was based on perjurious statements by challenging the truthfulness of private citizen informants who gave oral, sworn testimony before the issuing Justice.
On August 7, 1978, Detective Carlos Moreno, eighth homicide zone, appeared before the Hon. Howard Goldfluss, acting Justice of the Supreme Court, Bronx County, and applied for a search warrant for the premises 155 East 84th Street, apartment 7D, New York, New York, the surrounding common hallways and stairways, the compactor chute and vacuum system, and the person of Douglas Jacobson. Detective Moreno’s affidavit in support of his application stated that (1) he had received certain specified facts from two reliable informants; (2) additional facts would be set forth in the record before the issuing Justice; and (3) the two persons who had supplied information would be brought before the issuing Justice. On the same date, Detective Moreno gave oral testimony under oath before the issuing Justice, and related information he had received from a private citizen informant identified by name and address on the record. In addition, two other private citizens gave oral, sworn testimony in support of the application for the search warrant.
In his motion, defendant alleges that the sworn statements provided to the issuing Justice by Detective Moreno and the two private citizen informants were materially incorrect or perjurious. Based on pretrial testimony before this court regarding other legal issues and discovery materials provided by the District Attorney, defendant claims that significant portions of the oral, sworn testimony by these three persons before the issuing Justice were false. He therefore argues that a hearing is necessary to allow him to prove that the application for a search warrant was based on perjurious allegations. If he succeeds, defendant asserts, a motion to controvert the warrant should be granted and the evidence seized suppressed. The People oppose the motion on the grounds that defendant is only permitted to attack the veracity of the affiant and not the veracity of the sources of the affiant’s information. Thus, the People argue, the only challenge permissible in the case at bar is one directed at the truthfulness of the affidavit and *1071 sworn testimony of Detective Moreno, the public servant who applied for the search warrant, and that insufficient facts have been provided to require a hearing on his veracity.
CPL 690.35 (subd 1) provides that an application for a search warrant must be in writing and must be made, subscribed and sworn to by a public servant. The Court of Appeals has held that there was substantial if not literal compliance with this statutory requirement where a police officer appeared before a Supreme Court Justice and applied for a search warrant by orally presenting his application after being sworn (People v Brown, 40 NY2d 183, 185-186). The court noted that although the application was orally presented, the minutes of the proceedings were stenographically recorded by a court reporter and, therefore, there was a writing under oath. The court concluded that this procedure went beyond the requirements of the Fourth Amendment to the United States Constitution, which simply provides that the application be supported by oath or affirmation (People v Brown, supra, at pp 185-186).
In the case at bar, the application for the search warrant consisted of (1) a written affidavit by Detective Moreno; (2) oral, sworn, and stenographically recorded testimony before the issuing Justice by Detective Moreno; and (3) oral, sworn, and stenographically recorded testimony before the issuing Justice by two private citizens who were sources of information. Therefore, while it is obvious that the requirements of CPL 690.35 (subd 1) were fully satisfied, an examination of the application demonstrates that the written affidavit and the testimony by Detective Moreno, standing alone, would not have established probable cause for the issuance of the search warrant. In fact, the issuing Justice stated that his determination that probable cause existed was based on the cumulative testimony of all the witnesses. Since CPL 690.40 (subd 1) authorizes the issuing Justice to examine under oath any person who may possess pertinent information, and provides that such examination must be recorded or summarized on the record, a subsequent inquiry into the sufficiency of the application must include an examination of the affidavit and the transcript of the proceedings before the issuing Justice (see People v Brown, supra, at pp 185, 187-188 [where an unsworn, off-the-record conversation between the issuing Justice and a confidential informant who provided the information related by the police officer affiant in his oral, sworn *1072 testimony was considered by the court to determine the sufficiency of the application]; see, also, People v Hicks, 38 NY2d 90 [where an affidavit by a private citizen informant annexed to the application by a police officer for a search warrant was considered by the court to determine the sufficiency of the application]).
It is settled that a defendant is entitled to a hearing under both New York law and Federal constitutional principles in which he may challenge the truthfulness of the allegations in the affidavit supporting a search warrant only where he attacks the veracity of the police officer affiant, and not where the credibility of the source of information is challenged (People v Slaughter, 37 NY2d 596, 600; People v Solimine, 18 NY2d 477, 480; People v Alfinito, 16 NY2d 181, 186; People v Ascani, 56 AD2d 891; People v Porter, 44 AD2d 251, 252; Franks v Delaware, 438 US 154). As the United States Supreme Court has stated:
"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the alleged false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant’s request. * * *
"[The truthfulness of statements by the affiant] does not mean 'truthful’ in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant’s own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful’ in the sense that the information put forth is believed or appropriately accepted by the affiant as true. * * *
"The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.” (Franks v Delaware, supra, at pp 155-156, 165, 171.)
The issue presented to this court concerns the intersection of the legal principles set out above: who is the "affiant” whose veracity is subject to attack where the application for the search warrant consists of sworn statements by a public servant and private citizen informants, all of which are necessary to sustain the sufficiency of the application? There is *1073 presently a division of authority in New York as to whether a hearing is necessary in which a defendant may challenge the veracity of an informant who appears before the issuing Justice and whose information constitutes the basis for the warrant (People v Friss, 65 AD2d 907 [where a hearing was denied because the informant was not the affiant who made the application for the search warrant]; People v Burch, 88 Misc 2d 835; People v Callahan, 85 Misc 2d 1083 [where hearings were granted]).
The CPL provides that a search warrant may be issued only on the application of a public servant (CPL 690.05, subd 1; 690.35, subd 1). If these provisions were followed literally in the case at bar, all of the information necessary to establish probable cause, obtained from the private citizen informants, would have been related as hearsay by Detective Moreno either in the form of an affidavit or oral, sworn and steno-graphically recorded testimony before the issuing Justice. In such a case, defendant would be permitted, on a proper showing, to challenge the veracity of the affiant detective as to whether he in fact received such information and believed that it was true. This right to test the truthfulness of the allegations in the application for a search warrant is derived from the requirement of the Fourth Amendment to the United States Constitution that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation”, and the assumption that the required factual showing of probable cause is a truthful showing (Franks v Delaware, supra, at pp 164-165; United States v Halsey,257 F Supp 1002, 1005). Thus, the right to challenge the veracity of the affiant is intended to assure that sworn statements supporting an application for a search warrant are truthful and that search warrants based on perjured allegations are not beyond attack (People v Alfinito, 16 NY2d 181, 185, supra).
In light of these principles, the Court of Appeals has limited the extent of a permissible challenge to the veracity of the party whose sworn statements result in the issuance of the search warrant. Consequently, a challenge directed at the veracity of an informant who has supplied the affiant with information but has not made statements under oath, does not put into issue the truthfulness of the affiant’s statements (People v Solimine, 18 NY2d 477, 480, supra). In a case where an informant’s information is related as hearsay by a police officer affiant in the form of an affidavit or oral, sworn and *1074 stenographically recorded testimony before the issuing Justice, this limitation is reasonable, for proof that the informant was not truthful does not mean that the affiant did not relate the information in good faith. In sum, the limited inquiry is focused on whether false statements under oath contributed to a finding of probable cause and directly resulted in the issuance of the search warrant.
In the case at bar, however, probable cause was not based solely on the sworn statements of a public servant, but was established on the cumulative sworn statements of the detective and two private citizen informants. All of these statements under oath contributed to a finding of probable cause and directly resulted in the issuance of the search warrant. Thus, the constitutionally grounded principles permitting an attack on the truthfulness of the sworn statements supporting the application for a search warrant must apply to all persons who gave such statements. Where the People have chosen to present sworn allegations to the issuing Justice by informants in addition to those by the public servant applying for a search warrant, the application for a search warrant consists of the sworn allegations of all such persons. Collectively, all such persons constitute the "affiant” whose veracity is subject to attack.
It is ironic, indeed, that because the private citizen informants appeared before the issuing Justice and gave their source information under oath in a proceeding exceeding the requirements of the Fourth Amendment, their veracity is now subject to attack. Had the issuing Justice received their information merely as hearsay from a sole public servant affiant, which is all the Constitution requires, their veracity would be unchallengeable. Nevertheless, since their participation under oath constitutes an integral part of the application and was essential to a finding of probable cause, their veracity may be attacked on a proper showing.
Defendant has presented documentary evidence which questions the truthfulness of Detective Moreno and the two private citizen informants when they appeared before the issuing Justice. He is therefore entitled to a hearing in which he may attempt to prove that the application for the search warrant is based on false statements made knowingly and intentionally, or with reckless disregard for the truth (see Franks v Delaware, 438 US 154, 155-156, 171-172, supra).