■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE INGRAM, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was arrested when a search of his residence uncovered various articles of contraband. He pleaded guilty to criminal possession of a controlled substance in the fifth degree when his motion to suppress evidence was denied. The search had been authorized by a warrant and the issue on appeal is whether probable cause existed. On its face the application for the search warrant establishes probable cause that heroin was present at defendant's residence. Defendant challenged the warrant on the grounds that, *inter alia,* the affidavit contained perjured information. As a result of this allegation an *in camera* hearing, as required by *People v Darden* (34 NY2d 177), was held. At the hearing the informant was examined by the court. Since there were material discrepancies between the informant's testimony and the facts stated in the warrant application, a suppression hearing was ordered. At the suppression hearing the affiant undercover police officer testified that the facts as stated in the warrant application were true. His testimony was corroborated by his partner who had been present at the meetings with the informant. Both officers were extensively cross-examined by defendant's counsel who had the transcript of the informant's *Darden* testimony. The informant, however, was not produced by either party. At the conclusion of the hearing the court credited the testimony of the police officers and denied the motion to suppress. It has long been the law of New York that when a defendant makes a substantial preliminary showing that a false statement was knowingly and intentionally included in a warrant affidavit he is entitled to a hearing on that issue *(People v Alfinito,* 16 NY2d 181). At issue at the hearing is the credibility of the affiant, not the credibility of the informant *(People v Solimine,* 18 NY2d 477). The burden of proof is on the party challenging the warrant and a defendant must prove that the facts stated by the affiant were falsely represented by a preponderance of the evidence *(Franks v Delaware,* 438 US 154). The record before us supports the hearing Judge's conclusion that defendant did not meet this burden. We have examined defendant's other claims and find them to be without merit. (Appeal from judgment of Onondaga County Court — criminal possession of controlled substance, fifth degree.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Moule, JJ.