■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT GONZALEZ, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 31, 1984, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree, conspiracy in the fourth degree (three counts), and criminal possession of marihuana in the fifth degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The record supports the determination that defendant failed to meet his burden of proof, by a preponderance of the evidence, that a police officer's affidavit in support of the application for an eavesdropping warrant contained perjured inaccuracies or misstatements made with a reckless disregard for the truth *(see, e.g., Franks v Delaware,* 438 US 154; *People v Ingram,* 79 AD2d 1088; *cf. People v Alfinito,* 16 NY2d 181). Furthermore, defendant's contention that the use of a lease line in order to install a pen register requires a warrant issued upon a finding of probable cause is in error *(see, Smith v Maryland,* 442 US 735; *cf. United States v New York Tel. Co.,* 434 US 159). State law does not require the additional safeguard of an order issued upon probable cause *(People v Guerra,* 65 NY2d 60).

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.