■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY VILLANUEVA, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 22, 1989, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate prison term of from five years to life, is unanimously affirmed.

On April 7 and April 12, 1988, an undercover officer bought cocaine from Michael Greco in front of a building. Greco had entered the building to retrieve the drugs. On April 20, the undercover officer again purchased drugs from Greco. Greco met with defendant in front of the building and they entered together. A second undercover officer, who was stationed inside the building, saw defendant and Greco enter apartment 2B, overheard them discussing drugs and saw Greco leave with the drugs. After Greco received the money from the first officer, he reentered apartment 2B and gave defendant the money at the apartment door.

Based on these facts a warrant was obtained on April 26, 1988, to search apartment 2B for "Cocaine, evidence of the possession of narcotics and the means of committing a narcotics crime." On April 29, Greco and defendant were arrested. The officer who had made the purchase viewed defendant in custody at the precinct. The warrant for apartment 2B was executed after defendant's arrest and the search recovered cocaine, drug paraphernalia, a gun, ammunition, and cash. An indictment was filed on May 12, 1988. On June 29, 1988, defendant filed an omnibus motion requesting, *inter alia,* a hearing to controvert the search warrant affidavit, suppression of the fruits of the warrant, and a *Wade* hearing. The IAS court denied defendant's request. Defendant thereafter pleaded guilty to criminal possession of a controlled substance in the first degree in satisfaction of the entire indictment and was promised an indeterminate sentence of five years to life upon a reduced conviction of criminal possession of a controlled substance in the second degree, which he received.

Defendant urges that he was entitled to a hearing to controvert the search warrant affidavit. Defendant, however, did not

sufficiently demonstrate that he had an expectation of privacy in apartment 2B and thus lacked standing to controvert the warrant. *(See, People v Wesley,* 73 NY2d 351, 358-359.) Moreover, even assuming defendant had standing, he did not demonstrate his entitlement to an evidentiary hearing. Defendant failed to support his allegation with sufficient proof demonstrating that the warrant affidavit was suspect. *(See, Franks v Delaware,* 438 US 154, 171; *and see, People v Tambe,* 71 NY2d 492, 504.) Indeed, defendant never attacked the affiant, but attacked the representations made to the affiant by the undercover officer who was stationed in the building. Since there is no evidence of deliberate manipulative police conduct *(see, Franks v Delaware, supra,* at 163-164, n 6) and no evidence that the affiant was unreasonably relying on the informant's information *(see, People v Solimine,* 18 NY2d 477), there is no basis for a hearing.

Further, contrary to defendant's contention, the search warrant was not based on stale information. The continuing nature of this crime justified a search warrant issued six days after the last drug transaction. Probable cause existed to believe that the apartment would contain evidence of narcotics possession and narcotics crimes. *(See, Sgro v United States,* 287 US 206, 210-211.) Moreover, in light of the fact that evidence connected with narcotics sales may take a wide variety of forms, the warrant was sufficiently detailed in describing the items to be seized. *(See, e.g., People v Niemczycki,* 67 AD2d 442, 445.)

We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.