■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD BASHIAN, Respondent.—Appeal by the People from an order of the Supreme Court, Suffolk County (Rohl, J.), dated October 2, 1991, which, after a hearing, granted that

branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the indictment.

The defendant was arrested and charged with criminal possession of a controlled substance in the second degree as a result of a search of his house conducted pursuant to a search warrant. The police had obtained the warrant on the basis of information provided by a confidential informant indicating that the informant had just purchased drugs from the defendant at that location. At the suppression hearing, the defense counsel moved to controvert the search warrant on the basis that the confidential informant had given him a sworn statement stating, in essence, that the informant had never made the purchase as he had told the police. When the informant was called by the defendant to testify at the hearing, he refused to answer any questions on Fifth Amendment grounds, and the People refused to grant him immunity. The court thereupon granted that branch of the defendant's omnibus motion which was to suppress physical evidence. We reverse.

Even if the confidential informant had testified that he had perjured himself when he told the police that he had bought drugs from the defendant, the defendant would still not be entitled to suppression. A defendant is entitled to a hearing "only where he attacks the veracity of the police officer affiant, and not where, as here, the credibility of the source of information is challenged" *(People v Slaughter,* 37 NY2d 596, 600; *People v Solimine,* 18 NY2d 477; *People v Alfinito,* 16 NY2d 181; *see also, Franks v Delaware,* 438 US 154). As this Court stated in *People v Ward* (95 AD2d 233, 237-238): "The only issue at a suppression hearing in such circumstances is whether the information provided by the citizen carried sufficient indicia of reliability to permit the officer to reasonably credit it. The fact that it may ultimately be shown that the citizen's information, although apparently reliable, was unfounded or deliberately falsified is generally irrelevant (see *People v Solimine,* 18 NY2d 477, 480; *People v Slaughter,* 37 NY2d 596, 600; *People v Ingram,* 79 AD2d 1088; *People v Friss,* 65 AD2d 907; *People v Cadby,* 62 AD2d 52, 57-58). This is so because the Fourth Amendment protects individuals against

unreasonable governmental action, not against misconduct by fellow citizens."

Assuming, arguendo, that the informant's information was false, there is no allegation that the police officers who applied for the warrant were aware of the falsity of the informant's information. Indeed, in his motion papers, the defense counsel conceded that the informant had admitted that after the police asked him to make a buy, he had "failed to alert" the police that he had not made a buy. Moreover, a reading of the sworn statement given to the defense counsel by the informant makes it clear (assuming it is an accurate statement of what happened) that the informant duped the police.

Since the defendant failed to challenge the facial validity of the warrant and since there was no allegation that the police officer who applied for the warrant included in his affidavit statements that he knew were false or that he made statements with reckless disregard for the truth or with deceitful intent, the court erred in suppressing the physical evidence (see, People v Villanueva, 161 AD2d 552; People v Buckman, 115 AD2d 267; see also, Franks v Delaware, supra; United States v Navarro, 767 F Supp 544). Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.