■ DAYS IMPEX LIMITED, Appellant, v DOHA BANK, Respondent and Third-Party Plaintiff. BANK OF AMERICA et al., Third-Party Defendants-Respondents. [821 NYS2d 455]—Order, Supreme Court, New York County (Herman Cahn, J.), entered December 5, 2005, unanimously affirmed for the reasons stated by Cahn, J., with costs and disbursements. No opinion. Order filed. Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS ROCK, Appellant. [822 NYS2d 54]—

Judgment, Supreme Court, New York County (Brenda Soloff, J., on motion; Budd G. Goodman, J., at plea and sentence), rendered June 17, 2004, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The motion court properly denied defendant's motion to controvert the search warrant without a hearing. Even assuming that defendant had standing (see People v Whitfield, 81 NY2d 904, 906 [1993]), he did not demonstrate his entitlement to an evidentiary hearing, since he failed to support his allegation with sufficient proof demonstrating that the warrant affidavit was suspect (see Franks v Delaware, 438 US 154, 171 [1978]; People v Tambe, 71 NY2d 492, 504 [1988]). Defendant never attacked the credibility of the affiant, but instead denied engaging in the criminal conduct reported to the affiant. Since there is no evidence of deliberate manipulative police conduct (see Franks v Delaware, 438 US at 163-164) and no evidence that the affiant was unreasonably relying on the informant's information (see People v Solimine, 18 NY2d 477 [1966]), there is no basis for a hearing (see People v Villanueva, 161 AD2d 552 [1990]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.