People v Floyd (2023 NY Slip Op 05208)

People v Floyd

2023 NY Slip Op 05208

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Ind No. 1367/15 Appeal No. 786 Case No. 2018-364 

[*1]The People of the State of New York, Respondent,
v
Tony Floyd, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Covais of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered January 5, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender with a prior violent felony conviction, to a term of three years, unanimously affirmed.
Defendant's waiver of his right to appeal was invalid because the court did not adequately explain the nature of the appellate rights he was waiving (see People v Lopez, 6 NY3d 248, 456 [2006]; People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]). Nevertheless, the court correctly denied defendant's motion to controvert the search warrant. According to reasonable inferences that may be drawn from the search warrant affidavit, the first drug buy was made about three weeks before the search warrant application and the second buy was made about five days before the application. Accordingly, the information in the search warrant application was not stale, and there was reasonable cause to believe that there was an ongoing drug enterprise at the target premises (see People v Reyes, 205 AD2d 452 [1st Dept 1994], lv denied 84 NY2d 870 [1994]; People v Villanueva, 161 AD2d 552, 553 [1st Dept 1990]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023