People v Ayala (2024 NY Slip Op 01768)

People v Ayala

2024 NY Slip Op 01768

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Ind. No. 1331/17 Appeal No. 1931 Case No. 2019-904 

[*1]The People of the State of New York, Respondent,
v
Sammy Ayala, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paris C. DeYoung of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered September 4, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant and the detailed written waiver that he signed after consultation with counsel satisfied the requirements of a valid waiver. This waiver forecloses review of defendant's suppression claim.
In any event, defendant's challenge to the denial of his motion to controvert the search warrant is unpreserved, and we decline to review it in the interest of justice. Defendant concededly did not raise his current claim in the motion to controvert. While defendant contends that he did not have the warrant or the warrant affidavit at the time he filed the motion, the court afforded him an opportunity to make further motions, but he elected to plead guilty before doing so (see People v Diallo, 217 AD3d 459, 460 [1st Dept 2023], lv denied 40 NY3d 950 [2023]). Further, the trial court did not "expressly decide[] the question raised on appeal" (CPL 470.05[2]; People v Graham, 25 NY3d 994, 996 [2015]). As an alternative holding, we find that the warrant was properly issued (see CPL 690.35[4][b]; Richards v Wisconsin, 520 US 385, 394-395 [1997]).
Defendant's staleness claim is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the search warrant was not based on stale information (see People v Floyd, 220 AD3d 497 [1st Dept 2023]; People v Villanueva, 161 AD2d 552, 553 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024