■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HETRICK, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Chemung County (Danaher Jr., J.), rendered May 15, 1989, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the third degree and endangering the welfare of a child.

Defendant contends that County Court erred in refusing to suppress certain physical evidence seized pursuant to a search warrant based upon the sworn statement of a nine-year-old child. According to defendant, the issuing court should have conducted an inquiry pursuant to CPL 60.20 to determine whether the child understood the nature of an oath before relying upon her statement in finding probable cause to issue the warrant. We conclude that County Court properly denied defendant's suppression motion.

Regardless of whether an application for a search warrant constitutes a criminal proceeding *(see,* CPL 1.20 [18]), it is our view that CPL 60.20 does not preclude a court from finding probable cause for the issuance of a search warrant based upon the statement of a nine-year-old child who has first-hand knowledge by reason of her personal observations of the events described in the statement, despite the absence of an inquiry into the child's ability to understand the nature of an oath. CPL 60.20 (2) creates "a rebuttable presumption * * * that an infant less than 12 years old is not competent to be sworn" *(People v Nisoff,* 36 NY2d 560, 565-566), and CPL 60.20 (3) prohibits a defendant's conviction of an offense solely upon unsworn evidence given pursuant to CPL 60.20 (2). Based upon "the significant difference in kind between the determination of guilt beyond a reasonable doubt as the predicate for the imposition of criminal sanctions, on the one hand, and the demonstration of probable cause sufficient to satisfy the constitutional requirements for search and seizure as the warrant for police investigation, on the other" *(People v Bartolomeo,* 53 NY2d 225, 235), we conclude that the requirements of CPL 60.20 do not preclude a court from relying upon the statement of a child less than 12 years of age in determining whether to issue a search warrant pursuant to CPL article 690.

In this case, viewing the child's statement as unsworn hearsay, the constitutional requirement that "no warrants shall issue, but upon probable cause, supported by oath or affirmation" (NY Const, art I, § 12) was satisfied by the sworn application of the police officer, which incorporated the child's statement. Under New York law, hearsay information can supply the necessary factual predicate upon which to issue a search warrant if there is a reasonable showing that the informant was reliable and had a basis of knowledge *(People v Griminger,* 71 NY2d 635, 639). Because the child's statement described her own personal observations of the underlying circumstances, the basis of knowledge test was satisfied *(see, People v Bigelow,* 66 NY2d 417, 423). In addition, because the information was supplied by an identified private citizen rather than an unnamed confidential informant, the issuing court could reasonably rely on the information supplied by her *(see, People v Cantre,* 95 AD2d 522, 526, *affd on opn below* 65 NY2d 790). Inasmuch as the child's statement satisfied the requirements for hearsay information to provide probable cause upon which to issue the search warrant, the fact that the child could not give sworn testimony in the absence of the inquiry required by CPL 60.20 should not invalidate the

warrant. The judgment of conviction should, therefore, be affirmed. Levine and Crew III, JJ., concur. Mikoll, J., dissents in a memorandum in which Yesawich Jr., J., concurs.

Mikoll, J. (dissenting). We respectfully dissent.

County Court improperly denied defendant's motion to suppress physical evidence. The issuing court failed to interview the nine-year-old child upon whose statements the application for a search warrant was based or anyone else so as to ascertain the child's understanding of the nature of an oath. The record indicates that Police Officer James Kowulich, who applied for the search warrant, testified at the suppression hearing that the court issuing the warrant did not interview the child affiant or any other person.

" '[U]nder CPL 60.20 (subd 2), a rebuttable presumption exists that an infant less than 12 years old is not competent to be sworn' and that 'it must * * * be clear that he knows, understands and appreciates the nature of an oath before the trial court may permit the reception of sworn testimony' " *(People v Smith,* 104 AD2d 160, 163, quoting *People v Nisoff,* 36 NY2d 560, 565-566). Where an affidavit contributes to the finding of probable cause, it is subject to challenge for its veracity *(see, e.g., People v Jacobson,* 101 Misc 2d 1069, 1073-1074).

In the face of the rebuttable presumption, the People had the burden of showing that the issuing court exercised its discretion and conducted the required examination of the nine-year-old child concerning her understanding of the nature of an oath or that she possessed sufficient intelligence to justify receipt of her unsworn evidence. The failure to do so here resulted in the issuance of an invalid search warrant *(see, People v Kennedy,* 47 NY2d 196, 205-206; *see also, People v Davis,* 44 NY2d 269, 275-276).

Accordingly, the judgment should be reversed, the motion to suppress granted and defendant's plea of guilty vacated.

Ordered that the judgment is affirmed.