OPINION OF THE COURT
Hancock, Jr., J.
This appeal by defendant presents a question concerning the validity of a warrant to search defendant’s residence for which the sole factual basis was information provided by a nine-year-old child detailed in an affidavit attached to the *346 warrant application. Defendant contends that the child’s statements could not have constituted the basis for probable cause because the Village Justice issuing the warrant failed to examine her pursuant to CPL 60.20 as to her ability to understand the nature of an oath. For reasons which follow, we hold that the child’s hearsay statements were acceptable as the predicate for probable cause and that CPL 60.20 did not require the Magistrate to examine the child prior to issuing a warrant. We, therefore, affirm.
I.
On August 19, 1988 Hope Graves and her nine-year-old daughter Katy Hetrick reported to the Elmira Heights police that Katy had seen her father, the defendant, engaging in illegal drug activity. In both oral and written statements taken by Officer Kowulich, Katy said that while at her father’s premises for visitation between July 15 and August 15, 1988 she saw her father and others using cocaine and marihuana. She described both the illegal substances and the drug paraphernalia, how they were used, and where they were stored. She stated that when she returned home, her mother asked her if defendant was drinking again and she replied, "No, but he was smoking pot and doing cocaine with these people at his apartment. There were people there about 5 times a week, and they were always getting high.” She explained, "I asked my father what that stuff was that they were doing and he told me pot and coke.”
Katy had drawn pictures for her mother depicting the paraphernalia and drug practices she had seen and she showed those pictures to the police. In her statement, Katy said, "I drew pictures of a pipe, a pot cigarette, a mirror showing coke on it with a person’s nose on the end, and a large plastic thing they also smoke pot out of.” She told the police, "They sniff the coke with [a] dollar bill. My father and his friends always did this stuff in the kitchen. I knew this stuff was bad and when they started getting high, I went to the living room to watch TV.” Katy identified several persons who were present while they were "getting high.” According to her statement, defendant "kept the pot on the kitchen table under some newspapers. He also kept the coke there when he had it.”
In addition, Katy described a trip to Tonawanda, New York, with her father on August 12, 1988 where he obtained mari *347 huana and cocaine from "Joe.” She recounted, "I saw Joe reach under a couch and pull out a large plastic bag. It was filled with white powder and I asked my dad what it was. He said it was coke. Joe then gave some of the coke to everyone there in smaller plastic bags. They also sniffed it and smoked it while I was there * * * Everyone took some coke home with them, including my dad.” The last time Katy saw her father "get high” was on Sunday, August 14th. She told the police "I always went into the other room because I was scared and knew it was wrong. I also wanted to protect myself. I know pot and coke are drugs, and doing them is illegal and bad.”
After preparing her affidavit, Officer Kowulich and Katy’s mother read Katy a legal warning concerning false statements. Both asked Katy if she knew the difference between telling the truth and telling a lie. Katy answered that she did understand the difference and knew that she could get in trouble for telling a lie. Before she signed her affidavit, Chief Padgett of the Elmira Heights Police asked Katy about the importance of being truthful. Katy again stated that she knew the difference between the truth and a lie and affirmed that what she had told the police was the truth. After Chief Padgett read Katy’s affidavit back to her, Katy, her mother and Chief Padgett signed it.
Based on Katy’s information, Kowulich presented a sworn warrant application to a Village Justice who issued a search warrant for defendant’s apartment. In executing the warrant, the police found drugs and drug-related items in defendant’s apartment. They arrested defendant and charged him with criminal possession of marihuana in the third degree (Penal Law § 221.20), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and endangering the welfare of a child (Penal Law § 260.10 [1]).
Defendant moved to suppress the items seized on the ground that the warrant had been issued without judicially examining Katy pursuant to CPL 60.20 as to her ability to understand the nature of an oath. After County Court denied the motion to suppress the evidence, defendant pleaded guilty to criminal possession of marihuana in the third degree and endangering the welfare of a child. On appeal, the Appellate Division affirmed the denial of defendant’s motion, holding that "[i]nasmuch as the child’s statement satisfied the requirements for hearsay information to provide probable cause upon which to issue the search warrant, the fact that the child *348 could not give sworn testimony in the absence of the inquiry required by CPL 60.20 should not invalidate the warrant” (175 AD2d 491, 492-493). We now affirm.
II.
Under both the United States and New York Constitutions, no warrant may issue except upon probable cause based on facts presented to the Magistrate under oath or affirmation (US Const 4th Amend; NY Const, art I, § 12). The requirement of probable cause may be satisfied by unsworn hearsay, however, when the police officer applying for the warrant has knowledge of facts derived from a reasonably trustworthy source sufficient to cause a person of reasonable caution to believe that contraband is present in the premises to be searched (see, CPL 690.40; People v Bigelow, 66 NY2d 417, 423). It is settled law in New York that probable cause may be based on unsworn hearsay only when the two-prong test of Aguilar v Texas (378 US 108) and Spinelli v United States (393 US 410) is satisfied, i.e., if there is a reasonable showing that the informant was reliable and had a basis of knowledge for the statement (see, People v Griminger, 71 NY2d 635, 639; People v Bigelow, supra, at 423; People v Rodriguez, 52 NY2d 483, 489). Although the United States Supreme Court has abandoned the Aguilar-Spinelli test in favor of the more permissive totality-of-the-circumstances rule (see, Illinois v Gates, 462 US 213), New York has continued to afford the protection of Aguilar-Spinelli as a matter of State constitutional law (see, People v Griminger, 71 NY2d, at 637, supra; People v Bigelow, supra, at 425).
In the present case, under established rules Katy Hetrick’s statements were acceptable as the necessary factual basis for probable cause under the Aguilar-Spinelli test. Without question, Katy had a basis of knowledge for her statements, i.e., her personal observation of the events she described. There are, moreover, ample indicia of the reliability of her statements. Katy’s affidavit, given before her mother and Officer Kowulich, was detailed and specific as to dates, persons present, substances used, consumption practices, and storage locations. Moreover, she demonstrated an understanding of the importance of truthfulness before her mother, Officer Kowulich and Chief Padgett. The thoroughness and detail of Katy’s statements, as well as her understanding of her duty to tell the truth, sufficiently demonstrate her reliabil *349 ity such that a reasonable person would conclude that contraband was present in defendant’s apartment (see, People v Bigelow, 66 NY2d, at 423, supra; People v Hicks, 38 NY2d 90, 92). Indeed, because Katy was an identified citizen informant, and not an unnamed informant, there was a "built-in” basis for crediting her reliability (see, People v Hicks, supra, at 94; People v Cantre, 95 AD2d 522, 526, affd on opn below 65 NY2d 790).
Defendant argues, however, that Katy’s out-of-court statements could not have been accepted as the basis for the warrant because Katy was only nine years old and the requirements of CPL 60.20 had not been met. CPL 60.20 requires that witnesses under the age of 12 be examined as to their ability to understand the nature of an oath. This section creates a presumption that witnesses less than 12 years old are not competent to be sworn as a witness in a criminal proceeding. The presumption may be overcome, however, if, upon examination, the court is satisfied that the witness understands the nature of an oath (see, People v Nisoff, 36 NY2d 560, 565-566). Thus, according to defendant, because the court did not examine Katy, her statements could not be accepted as providing the necessary factual basis. We disagree.
Defendant’s argument overlooks the critical distinctions between the nature and cogency of the proof necessary to constitute "legally sufficient evidence” under CPL 70.10 (1) required to sustain an indictment (see, CPL 190.65 [1]) and the proof needed to meet the "reasonable cause to believe” standard under CPL 70.10 (2) for the issuance of a search warrant. To meet the higher standard of legal sufficiency, CPL 70.10 (1) specifies "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (emphasis added). In contrast, for the "reasonable cause to believe” standard, CPL 70.10 (2) requires only apparently reliable evidence or information of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience "that it is reasonably likely” that contraband is present in the designated place (see, CPL 690.40 [2]).
Significantly, the more onerous legal sufficiency standard (CPL 70.10 [1]) demands competent evidence while there is no such requirement for the "reasonable cause to believe” standard (CPL 70.10 [2]). Thus, there is no requirement that probable cause to issue a warrant be based on competent *350 evidence (see, CPL 70.10 [2]; see also, United States v Ventresca, 380 US 102, 107; 1 LaFave, Search and Seizure § 3.2 [d]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 70.10, at 176-177). Indeed, Aguilar-Spinelli and their New York progeny — detailing the circumstances under which hearsay information may provide the factual predicate for probable cause for a search warrant— presuppose that probable cause may in fact be based on incompetent hearsay evidence.
The presumption against a child’s testimonial capacity under CPL 60.20 which defendant seeks to invoke here is an evidentiary rule relating only to the capacity of a child witness to give competent evidence admissible at a criminal proceeding (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.20, at 572; Richardson, Evidence § 390 [Prince 10th ed]). In that CPL 70.10 (2) imposes no requirement of competent admissible evidence to establish probable cause, CPL 60.20 is clearly inapplicable. Defendant’s contention that CPL 60.20 does apply to hearsay information submitted in a warrant application is unsupported by any authority. Indeed, both the statutory language and the case law make clear that section 60.20 applies only to a witness actually testifying under oath in a criminal proceeding (see, e.g., People v Nisoff, supra; People v Oyola, 6 NY2d 259; People v Klein, 266 NY 188; see also, Richardson, Evidence § 390 [Prince 10th ed]). County Court therefore properly denied defendant’s motion to suppress physical evidence seized upon the execution of the warrant.
Accordingly, the order of the Appellate Division should be affirmed.
Acting Chief Judge Simons and Judges Kaye, Titone, Bellacosa and Smith concur.
Order affirmed.