■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEFF PARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 12, 1990, convicting him of attempted burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The arresting officers responded to a call of a burglary in progress and were informed by another police officer at the scene that a neighbor had provided a description of the perpetrator, who had just fled. The officers canvassed the area and, after a short pursuit, apprehended the defendant, who fit the description given by the neighbor, within minutes of the crime. The neighbor was brought to the scene and identified the defendant. We reject the defendant's contention that the People were required to produce at the suppression hearing the officer who relayed the description of the perpetrator to the arresting officers, since the reliability of that information was sufficiently established by the testimony of the arresting officers (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v White, 178 AD2d 674; People v James, 135 AD2d 832). Suppression of the physical evidence derived from the defendant's arrest, along with identification testimony and his subsequent statements to the police, was therefore properly denied. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.