■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR DIAZ, Respondent. [712 NYS2d 554] —Appeal by the People from an order of the Supreme Court, Queens County (Flaherty, J.), dated October 20, 1999, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the order is affirmed, with costs.

After a hearing, the Supreme Court determined that the police lacked probable cause to arrest the defendant, and therefore suppressed his subsequent statements to the police as the fruit of an unlawful arrest. The People appeal, and we affirm.

We reject the People's contention that the hearing court violated the doctrine of law of the case (*see, People v Evans,* 94 NY2d 499, 502) by expanding the scope of the pretrial hearing to include the defendant's claim that the police lacked probable cause to arrest him. The People's claim that another Supreme Court Justice had implicitly denied the defendant's request for a *Dunaway* hearing (*see, Dunaway v New York,* 442 US 200) is without merit, and under the circumstances presented here, the hearing court properly expanded the scope of the *Huntley* hearing (*see, People v Huntley,* 15 NY2d 72) to include the defendant's *Dunaway* claim based on facts of which the defendant could not, with due diligence, have previously been aware (*see,* CPL 255.20 [3]).

The hearing court correctly determined that the police lacked probable cause to arrest the defendant in this case. The defendant was arrested based upon hearsay information provided by a known citizen informant. Therefore, to establish the existence of probable cause, the People were required to satisfy the two-prong *Aguilar-Spinelli* test (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). That is, they were required to establish the reliability of the hearsay informant, and the basis of the informant's knowledge (*see, People v Ketcham,* 93 NY2d 416, 420). Although the defendant's landlord "is presumed to be personally reliable" (*People v Parris,* 83 NY2d 342, 350; *People v Hetrick,* 80 NY2d 344, 349), the basis of the landlord's knowledge was not sufficiently established (*see, People v Parris, supra,* at 350). Joy, J. P., S. Miller and Luciano, JJ., concur.

Smith, J., dissents, and votes to reverse the order and deny that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities, with the following memorandum: I believe that the evidence presented by the People satisfied the second prong of the *Aguilar-Spinelli* test, and therefore probable cause for the arrest of the defendant existed, and his subsequent statements to police should not be suppressed.

At the suppression hearing, the People established that the subject vehicle was stolen and that the police were able to track its location because it was equipped with the "Lo-Jack" system. The vehicle was found by the police in the driveway of the defendant's home. When the police looked through the window of the automobile they observed that its steering column was broken. They further ascertained that the only persons with access to the driveway were the defendant, his wife, and the defendant's landlord, Mr. McDonald.

The People's witness at the hearing testified that a fellow officer at the scene told him "that Mr. McDonald stated that the defendant had put the car in the yard the previous night with another gentleman". This statement, when taken in conjunction with the reliable information the police had already acquired, and when given its clear and rational meaning, is sufficiently reliable to satisfy the second prong of the *Aguilar-Spinelli* test. Contrary to the defendant's contention, the statement attributed to McDonald does not constitute unsubstantiated rumor, unfounded accusation, or conclusory characterization (*see, People v Ketcham*, 93 NY2d 416, 420; *People v Parris*, 83 NY2d 342; *see also, Spinelli v United States*, 393 US 410). The words very distinctly describe the observation of Mr. McDonald. He describes that the "defendant had put the car in the yard". By employing the plain meaning of that language, the only rational conclusion to be drawn is that Mr. McDonald observed that action as it took place.

The facts in this case can be distinguished from those in *People v Parris* (*supra*), the case on which the majority bases its decision. In *Parris,* the testifying officer was informed by a fellow officer that an eyewitness had seen the defendant flee from the scene of a burglary on a bicycle. Upon further scrutinization, it was established that the "eyewitness" had not actually seen the defendant enter or leave the premises in question, nor had he observed anyone inside the premises. The Court of Appeals concluded that nothing the witness observed could lead to the inference that a burglary had taken place (*see, People v Parris, supra,* at 350). Thus, the Court of Appeals

reasoned the "conclusory characterization of the neighbor/informant" (at 350) was not sufficiently reliable to establish probable cause. In contrast, the statement here is certain, precise, and unequivocal. Mr. McDonald stated that "the defendant had put the car in the yard the previous night with another gentleman". The words are not rumor, unfounded accusation, or conclusory; rather they connote concrete observation. As such, they are deemed sufficiently reliable to establish probable cause.

Given this circumstance, I would vote to deny that branch of the defendant's omnibus motion which was to suppress the statements given to the police.