■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BROWN, Appellant. [733 NYS2d 182] —Judgment, Supreme Court, New York County (Martin Rettinger, J., at hearing; William Wetzel, J., at jury trial and sentence), rendered November 4, 1999, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

Defendant's suppression motion was properly denied. The officers had reasonable suspicion to stop and detain defendant after a face-to-face encounter with an identified citizen-informant who first ran into a restaurant to inform the officers that a woman had just been mugged and that the assailant was fleeing on the nearby block, and then pointed out defendant after accompanying the officers to the midway point of that block. Where police action requires reasonable suspicion rather than probable cause, a lesser showing with respect to an informant's reliability and basis of knowledge suffices (*People v Herold*, 282 AD2d 1, 4-5). Under the circumstances, the police were entitled to take immediate action without first

ascertaining whether the informant was actually a witness to the robbery (*see, People v Arthur,* 209 AD2d 175, *lv denied* 84 NY2d 1028; *compare, People v Parris,* 83 NY2d 342, 350). Although the informant could not positively identify defendant's face, he did recognize defendant's build and clothing as matching those of the perpetrator. Accordingly, an investigatory detention for the purpose of an immediate on-the-scene identification was warranted. The ensuing identification procedure, conducted in extremely close temporal and spatial proximity to the crime, was not rendered unduly suggestive by the fact that multiple witnesses viewed defendant simultaneously (*see, People v Love,* 57 NY2d 1023). Concur—Mazzarelli, J. P., Andrias, Ellerin, Buckley and Marlow, JJ.