■ The People of the State of New York, Respondent, v Matthew Allen, Appellant. [747 NYS2d 862] —Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered April 26, 2001, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminally using drug paraphernalia in the second degree (§ 220.50 [2]). Contrary to defendant's contention, Supreme Court properly refused to compel the People to disclose the identities of their two confidential informants. In determining whether disclosure is required, the "truly crucial factor in every case is the relevance of the inform[ant]'s testimony to the guilt or innocence of the accused" (*People v Goggins*, 34 NY2d 163, 170, *cert denied* 419 US 1012). In this case, the two confidential informants merely confirmed that drugs were being sold at the location where defendant subsequently was arrested, and they provided no identifying information connecting defendant to either the drugs or that location. Both confidential informants purchased crack cocaine at that location, and one informed the police that crack cocaine was being packaged and sold there. Because the information imparted to the police by the confidential informants had no bearing on defendant's guilt or innocence, the court properly refused to require disclosure of the identities of the informants.

Also contrary to defendant's contention, the court properly determined that the search warrant was supported by probable cause. The search warrant application was supported by an affidavit of the police officer who had received information from one of the two confidential informants concerning the sale of drugs at the location where defendant subsequently was arrested. The court properly tested the reliability of the information received from the informant by conducting a *Darden* hearing (*see People v Darden*, 34 NY2d 177, *rearg denied* 34 NY2d 995). The court then properly made available to defendant and the People its "summary report as to the existence of the inform[ant] and with respect to the communications made

by the inform[ant] to the police" (*id.* at 181). The court's summary report further indicated that the communications attributed by the officer to the confidential informant were in fact made and carried " 'sufficient indicia of reliability to permit the officer to reasonably credit [them]' " (*People v Bashian,* 190 AD2d 681, 682, *lv denied* 81 NY2d 836; *see also People v Edwards,* 95 NY2d 486, 494). Thus, contrary to defendant's contention, the court properly determined that the information imparted by the confidential informant was reliable and thus that the second prong of the *Aguilar-Spinelli* test was satisfied (*see generally People v Hanlon,* 36 NY2d 549, 556).

Finally, we reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct (*see generally People v Rubin,* 101 AD2d 71, 77-78, *lv denied* 63 NY2d 711). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.