■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHAIM McDUFFIE, Appellant. [810 NYS2d 528]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 15, 2003 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

On December 19, 2002, the police executed a search warrant at a two-family residence in the City of Albany. The search warrant application was supported by an affidavit of a police detective who received information from a confidential informant

that defendant sold crack cocaine to the informant on numerous occasions, that defendant possessed crack cocaine inside his first-floor apartment of the residence in question on four or five occasions and that defendant, as recently as four days earlier, had more than two ounces of crack cocaine, as well as a scale, in his bedroom closet. The confidential informant further advised the detective that on a few occasions defendant retrieved the crack cocaine from the upstairs residence where certain of his family members resided.

The search of defendant's first floor apartment yielded 6½ ounces of crack cocaine, cash, a digital scale and various pieces of mail and other documents identifying the place as defendant's residence. An indictment was thereafter handed up charging him with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. Following a jury trial, defendant was found guilty as charged. He now appeals. As none of the contentions advanced on appeal has merit, we affirm.

Defendant first contends that the evidence seized from his apartment should have been suppressed because the search warrant was issued without probable cause, specifically attacking the veracity of the confidential informant.[1] Here, the police detective alleged in his affidavit that the confidential informant had provided information in the past which had led to an arrest and conviction. The detective additionally detailed his independent verification of certain aspects of the confidential informant's story. Under these circumstances, the reliability of the confidential informant was sufficiently established (see *People v Rodriguez*, 52 NY2d 483, 489 [1981]; cf. *People v Martinez*, 80 NY2d 549, 551 [1992]). Moreover, since probable cause existed to establish that a saleable amount of crack cocaine would be present in defendant's apartment which could be quickly destroyed, the "no knock" provision of the warrant was justified (see *People v Lewis*, 25 AD3d 824, 826 [2006]; *People v Alston*, 1 AD3d 627, 629 [2003], *lv denied* 1 NY3d 594 [2004]).

Next, we find that Supreme Court properly exercised its discretion in permitting evidence that defendant left the vicinity of Albany on the day the search warrant was executed, was eventually tracked down to a particular residence in South Carolina a few months later and attempted to evade arrest by run-

---

1. Of note, Supreme Court tested the reliability of the information received from the informant by conducting a *Darden* hearing (see *People v Darden*, 34 NY2d 177 [1974]; *see also People v Allen*, 298 AD2d 856 [2002], *lv denied* 99 NY2d 579 [2003]).

ning away.[2] This evidence was probative of defendant's consciousness of guilt (*see People v Anderson*, 99 AD2d 560 [1984]). Furthermore, and contrary to defendant's contention, the probative value of this evidence outweighed its prejudicial effect.

Finally, we find no error in Supreme Court's constructive possession charge to the jury and are unpersuaded by defendant's related argument that the court impermissibly permitted the People to change their theory of the prosecution following the close of proof. Furthermore, our review of the trial discloses that defendant had the benefit of two experienced criminal defense attorneys who provided excellent representation. Thus, we reject his pro se argument that he was denied the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

2. Notably, at the time of his arrest, defendant stated that the drugs "[weren't] a felony weight or amount."