■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FENTON RICHARDS, Appellant. [821 NYS2d 104]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 12, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Tomei, J.) dated October 30, 2003, granting the People's motion for reargument and denying that branch of the defendant's omnibus motion which was to suppress certain physical evidence recovered from an automobile, which had previously been granted after a hearing.

Ordered that the judgment is reversed, on the law, upon reargument, the prior determination granting that branch of the defendant's omnibus motion which was to suppress certain physical evidence recovered from an automobile is adhered to, the order dated October 30, 2003, is vacated, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The police responded to a call from the manager of the Windjammer Motel in Sheepshead Bay concerning an assault in one of the rooms, and upon arriving in the motel parking lot, found a woman who identified the defendant standing a few feet away as her boyfriend. She accused the defendant of having just assaulted and robbed her. The defendant was then placed under arrest in connection with those allegations. The woman further informed the police that the defendant had weapons in a certain vehicle parked in the motel parking lot. The police searched the vehicle and discovered a firearm and a machete. Although the defendant was not subsequently indicted in connection with the alleged assault and robbery, he was charged, inter alia, with criminal possession of the weapons recovered in the vehicle.

At the suppression hearing, the People argued that the search of the vehicle was lawful because the defendant consented to it. The hearing court, discrediting the testimony of the police witness in that regard, found otherwise, and, inter alia, granted that branch of the defendant's omnibus motion which was to suppress the weapons. The People subsequently moved to reargue that branch of the motion, asserting that the search had been lawful under the automobile exception (*see People v Belton,* 55 NY2d 49 [1982]). The court granted reargument and, upon reargument, denied that branch of the motion which was to suppress the weapons, finding that the search was authorized under the automobile exception.

Assuming without deciding that, contrary to the defendant's

contentions, the Supreme Court properly granted reargument to allow the People to advance a new theory under which they claimed the search of the vehicle was lawful (*cf. People v Crandall,* 69 NY2d 459 [1987]; *People v Dodt,* 61 NY2d 408, 417-418 [1984]; *People v Green,* 33 NY2d 496, 500 [1974]; *People v Cordes,* 270 AD2d 430 [2000]; *People v Lopez,* 235 AD2d 496, 497 [1997]), the court should have adhered to its prior determination suppressing the weapons found in the car.

The vehicle was lawfully parked in the motel parking lot, and there is no claim that the weapons or any other contraband were in plain view from outside the car. The only information that the police had regarding the presence of weapons inside the vehicle came from the woman. Notably, there is no evidence that she ever told the police that the defendant had used the weapons in the assault or robbery he allegedly committed against her. Thus, there is no record evidence to support the conclusion that the police had probable cause to believe that the vehicle contained evidence "related to the crime for which the [defendant's] arrest [was] being made" (*People v Belton, supra* at 55; *see People v Galak,* 81 NY2d 463, 467 [1993]).

In view of that fact, the People's reliance on the automobile exception is misplaced. "The automobile exception . . . is an exception only to the warrant requirement; it does not . . . dispense with the requirement that there be probable cause to search the vehicle" (*People v Blasich,* 73 NY2d 673, 678 [1989]). To establish probable cause for the search of the car, unrelated to the arrest of the defendant, the People were required to demonstrate that the information the police received from the woman satisfied both prongs of the now-familiar *Aguilar-Spinelli* test (*see Aguilar v Texas,* 378 US 108 [1964]; *Spinelli v United States,* 393 US 410 [1969]; *see also People v Griminger,* 71 NY2d 635 [1988]). That, in turn, required a showing of both the reliability of the woman and basis of her knowledge that weapons were in the car (*see e.g. People v Ketcham,* 93 NY2d 416, 420 [1999]; *People v Wilkinson,* 5 AD3d 512, 513 [2004]).

Inasmuch as the woman was an identified citizen, she must be presumed reliable (*see e.g. People v Hetrick,* 80 NY2d 344, 349 [1992]; *People v Corr,* 28 AD3d 574 [2006]). However, the People offered no evidence at the hearing to demonstrate how she came to know that there were weapons in the vehicle, and therefore the People's evidence failed to satisfy the basis-of-knowledge prong of the *Aguilar-Spinelli* test (*see People v Parris,* 83 NY2d 342, 350 [1994]; *People v Bigelow,* 66 NY2d 417, 423-424 [1985]; *People v Kennedy,* 282 AD2d 759, 760 [2001]; *People v Diaz,* 274 AD2d 589 [2000]). Accordingly, upon reargu-

ment, the Supreme Court should have adhered to its prior determination granting that branch of the defendant's omnibus motion which was to suppress the weapons seized from the vehicle, and since the evidence supporting the charge of criminal possession of a weapon in the third degree should have been suppressed, the indictment must be dismissed (*see People v Jeffrey,* 18 AD3d 776 [2005]).

In light of our determination, we need not reach the defendant's remaining contentions. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.