◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. BAHR, Appellant. [825 NYS2d 809]—

Mercure, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered July 29, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In January 2005, defendant was arrested after the police executed a search warrant at his residence in the Town of Owego, Tioga County, and seized various items, including drug paraphernalia. Defendant was subsequently indicted for criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, two counts of endangering the welfare of a child and criminal possession of a hypodermic instrument. Defendant moved to, among other things, suppress all of the evidence seized by the police. Following County Court's denial of the motion, defendant pleaded guilty to criminal possession of a controlled substance in the second degree pursuant to a negotiated plea agreement. It is undisputed that he did not waive his right to appeal. Thereafter, defendant was sentenced in accordance with the plea agreement to three years in prison, followed by five years of postrelease supervision. He appeals and we now affirm.

Defendant contends that County Court erred in denying his motion to suppress because the search warrant was issued without probable cause. Specifically, he argues that the application for the search warrant relied upon hearsay evidence from an identified person—Candi Sherwood—that did not meet the requirements of the *Aguilar-Spinelli* test. "To establish probable cause, a search warrant application must provide sufficient information 'to support a reasonable belief that evidence of a crime may be found in a certain place' " (*People v German*, 251 AD2d 900, 901 [1998], *lv denied* 92 NY2d 897 [1998], quoting *People v McCulloch*, 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996]). Moreover, such probable cause may be supplied, "in whole or in part, [by] hearsay information, 'provided [that] it satisfies the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted' " (*People v Walker*, 27 AD3d 899, 900 [2006], *lv denied* 7 NY3d 764 [2006], quoting *People v Bell*, 5 AD3d 858, 859 [2004]; *see People v Parris*, 83 NY2d 342, 346 [1994]; *People v Hetrick*, 80 NY2d 344, 348 [1992]).

Here, on January 6, 2005, the day that the warrant was sought, Sherwood informed the police that Robert Ricci, who

had been arrested numerous times for possession of methamphetamine and methamphetamine paraphernalia, had told her that he and defendant had recently manufactured the drug, returned to defendant's residence with the product and split the finished product. The warrant application further indicated that the police had observed Sherwood in Ricci's company on January 6, 2005. We note that Sherwood, as an identified citizen, is "presumed to be personally reliable" (*People v Parris, supra* at 350; *see People v Hetrick, supra* at 349). While Sherwood obtained much of her information from Ricci—who had firsthand knowledge of the events—"hearsay-upon-hearsay may be utilized to show probable cause" (*People v Parris, supra* at 347 [internal quotation marks and citation omitted]). Moreover, Sherwood's information was partially corroborated by police observation of Ricci at defendant's house on January 5, 2005 and a search of Ricci's vehicle following a traffic stop on January 6, 2005 that revealed his possession of methamphetamine. Under these circumstances, we conclude that the warrant was properly issued and County Court did not err in denying defendant's motion to suppress (*see People v McDuffie*, 26 AD3d 667, 668 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Bell, supra* at 860).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.