■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILMER BATISTA, Respondent. [882 NYS2d 904]—

Appeal by the People from so much of an order of the County Court, Westchester County (Cohen, J.), entered July 15, 2008, as granted those branches of the defendant's omnibus motion

which were to dismiss counts one, two, three, and four of the indictment, with leave to re-present the matter to a new grand jury.

Ordered that the order is affirmed insofar as appealed from.

Pursuant to CPL 60.20 (2), there is a rebuttable presumption that a witness who is less than nine years old is not competent to testify under oath. That presumption may be overcome by a showing that the infant witness not only possesses sufficient intelligence and capacity to give testimony (*see* CPL 60.20 [1]), but also, that he or she knows, understands, and appreciates the nature of an oath so as to warrant that the testimony be sworn (*see People v Morales*, 80 NY2d 450, 452-453 [1992]; *People v Hetrick*, 80 NY2d 344, 349 [1992]; *People v Nisoff*, 36 NY2d 560, 565-566 [1975]). Contrary to the People's contention, the record demonstrates that at the time the then-four-year-old complainant was sworn and her testimony recorded by the District Attorney's Office, she was not competent to give sworn testimony because she did not appreciate the nature of the oath or the consequences of failing to tell the truth (*see generally People v Groff*, 71 NY2d 101, 104 [1987]; *People v Cordero*, 257 AD2d 372 [1999]). Accordingly, that recording should not have been presented to the grand jury as sworn testimony, and the corresponding counts of the indictment were properly dismissed by the County Court, with leave to re-present the matter to a new grand jury.

The District Attorney argues the County Court erroneously concluded that no corroborative evidence was submitted to the grand jury. Specifically, the District Attorney argues that the infant complainant's testimony could have been admissible as unsworn evidence and that, contrary to the County Court's finding, there was substantial independent evidence that corroborated the infant complainant's testimony. However, since the District Attorney presented the statements of the infant complainant to the grand jury as sworn testimony and did not instruct that body on the need for corroboration, the County Court need not have reached the question of whether other evidence presented to the grand jury would suffice to corroborate the child's unsworn testimony (*see* CPL 60.20 [3]; *People v Groff*, 71 NY2d at 107-111), and accordingly, we need not review the merits of the court's determination with respect to that issue. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.