THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN VONER, Respondent. [904 NYS2d 225]—

Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated May 14, 2009, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

On the morning of December 19, 2007 New York City Police Detective Gerard McMahon received a tip from a confidential informant that a black male driving a white van was picking up approximately 30 cases of cigarettes from an Indian reservation in Suffolk County. Although the informant did not tell McMahon that the cigarettes did not bear tax stamps, the detective knew from past experience that cigarettes sold on the reservation were untaxed. The informant also provided McMahon with the license plate number of the van, and alerted him when the van was leaving the reservation. About five minutes later, McMahon, who was stationed approximately half a mile away from the reservation, observed a white van matching the description provided by the informant, which was being followed by a blue

Chrysler van. Both vans were registered to an individual who resided in Suffolk County.

McMahon followed the vans onto the William Floyd Parkway to Nassau County, where both vehicles stopped at a gas station in Mineola. At the gas station, McMahon saw the driver of the white van, later identified to be the defendant, open the side door of the vehicle, remove three or four bags, and hand them to the driver of the blue van. Although the bags were made of thick black plastic, McMahon believed that each contained a "master case," or box containing 60 cartons of cigarettes. After this exchange, the vans left the gas station, and began traveling in different directions.

McMahon continued to follow the white van driven by the defendant as it traveled through Nassau County into Queens. On the Grand Central Parkway in Queens, McMahon pulled the white van over, and ordered the defendant out of the vehicle. According to the detective, as soon as he stopped the vehicle, the defendant was no longer free to leave. When the defendant stepped out of the van, McMahon told him that he knew that there were numerous cases of cigarettes inside the van, and that he had watched him exchange cases of cigarettes with another man at the gas station in Mineola. The defendant denied McMahon's allegations, and told the detective that he did not own the vehicle. McMahon then asked the defendant to open the doors to the van, and the defendant claimed that he did not know how to do so. After expressing his skepticism over the defendant's claim, McMahon entered the front passenger compartment of the van and found that a plywood partition blocked the view of the rear compartment. The detective then used his flashlight to peer through a crack in the partition, and saw a stack of plastic bags in the rear compartment. At this point, he pried a piece of metal through the crack, and scratched open one of the plastic bags, revealing a carton of cigarettes inside. McMahon could not determine from his observation of the exterior of the carton that the cigarette packs it contained did not have tax stamps. However, the defendant was placed under arrest, and he and the van were transported to the police precinct. At the precinct, officers cut through a steel bar which held the rear doors of the van shut, and recovered a total of 2,240 cartons of cigarettes. None of the individual cigarette packs inside the cartons bore tax stamps.

Following his arrest, the defendant was indicted on charges of attempting to evade or defeat a tax on cigarettes (three counts), and possession of illegally stamped cigarette packages. The defendant thereafter moved, inter alia, to suppress the cigarettes

which the police had recovered from the van. At the conclusion of a suppression hearing at which McMahon was the sole witness, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

On appeal the People contend that the defendant had no standing to challenge the search of the van because he denied ownership of the vehicle and, thus, did not have a legitimate expectation of privacy in its interior. However, the issue of whether the defendant had standing to challenge the search of the vehicle has no bearing on the defendant's right to contest the stop of the vehicle to effectuate his warrantless arrest as an unreasonable seizure of his person implicating constitutional limitations, and to seek suppression of the evidence recovered as a result of the stop (*see People v May*, 81 NY2d 725, 727 [1992]; *People v Millan*, 69 NY2d 514, 520-521 n 6 [1987]; *People v Madera*, 125 AD2d 238, 239 [1986]; *People v Dawson*, 115 AD2d 611, 612 [1985]; *see also People v Spencer*, 84 NY2d 749, 752 [1995], *cert denied* 516 US 905 [1995]).

On the merits, the hearing court properly concluded that the cigarettes recovered from the van after the defendant's arrest should be suppressed. Contrary to the People's contention, the information provided by the confidential informant, coupled with McMahon's observations, did not give rise to probable cause that the van was being used to transport contraband which justified both stopping the vehicle to arrest the driver and conducting a full blown search. Under the *Aguilar-Spinelli* rule (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]), where probable cause is predicated in whole or part upon the hearsay statement of an informant, the People must demonstrate that the informant is reliable and that the informant had a sufficient basis for his or her knowledge (*see People v Parris*, 83 NY2d 342, 349 [1994]; *People v DiFalco*, 80 NY2d 693, 696 [1993]; *People v Bigelow*, 66 NY2d 417, 423 [1985]). The reliability and basis-of-knowledge prongs of the tests are analytically independent, and each must be satisfied (*see People v DiFalco*, 80 NY2d at 697; *People v Maldonado*, 55 AD3d 626, 627 [2008]).

Here, even assuming that McMahon's testimony that the confidential informant had supplied information leading to prior arrests was sufficient, standing alone, to establish the informant's reliability (*see People v Calise*, 256 AD2d 64, 65 [1998]), the basis-of-knowledge prong of the *Aguilar-Spinelli* test was not satisfied. The informant never indicated to McMahon that the information he was supplying was based upon his personal knowledge or observations. Furthermore, the information was

not so highly detailed, and McMahon's observations were not sufficiently corroborative of criminal activity, to support a reasonable belief that the informant's tip must have been based on firsthand observation (*see People v Parris*, 83 NY2d at 350; *People v Elwell*, 50 NY2d 231, 242 [1980]; *People v Richards*, 32 AD3d 545, 547 [2006]; *People v Jackson*, 235 AD2d 923, 924 [1997]; *People v Beruvais*, 231 AD2d 733, 734 [1996]; *People v Isaac*, 206 AD2d 545 [1994]). McMahon first saw the defendant's vehicle approximately half a mile away from the reservation where the cigarettes had allegedly been purchased, and the thick black plastic bags used to transport the cigarettes were not of such a distinctive character that a trained police officer could readily determine that they contained untaxed cigarettes.

Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress the cigarettes. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.