<partyblock>

The People of the State of New York, Respondent,

against

Steven Brown, Appellant.

Alan Ross, Esq., for appellant.

District Attorney Kings County (Leonard Joblove, Sholom J. Twersky, Michael Brenner of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John H. Wilson, J.), rendered December 10, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the fourth degree. The appeal from the judgment of conviction brings up for review an order of the same court dated August 31, 2011 denying defendant's motion to controvert a search warrant and to suppress physical evidence.

ORDERED that the judgment of conviction is affirmed.

Following the execution of a search warrant in a residential premises, defendant was charged with several offenses based on weapons and drug possession. Defendant's motion to controvert the warrant was denied, and defendant pleaded guilty to attempted criminal possession of a weapon in the fourth degree (Penal Law  110.00, 265.01 [1]), in satisfaction of the accusatory instrument. Defendant's sole contention on appeal is that the search warrant was issued without probable cause.

In an affidavit in support of the warrant application, a police officer provided details, based on personal knowledge, of the precise location of the premises to be searched, and stated that an identified citizen informant had been present in the premises and had observed several handguns and a quantity of marihuana. The informant had provided general descriptions of two persons present, one of whom he had identified in a photo array. A review of police records revealed that the identified person had been arrested several years before and had given the subject premises as his address. The informant appeared before the court, was sworn, and affirmed the truth of the facts attributed to the informant in the affidavit. The informant also provided information as to his prior dealings with the police with respect to the sale of weapons and marihuana, and denied that any matters involving him were pending in the courts.

An identified citizen informant is "presumptively reliable . . . as there are criminal sanctions attendant upon falsely reporting information to authorities" (People v Corr, 28 AD3d [*2]574, 575 [2006]; see also People v Richards, 32 AD3d 545, 547 [2006]). Where, as here, the suppression court had before it the warrant application and a transcript of the informant's testimony before the issuing court, the suppression court is "  left with the relatively uncomplicated task of deciding whether, based on [the warrant papers and testimony]. . ., the issuing Judge reasonably could have concluded that probable cause existed' " (People v Serrano, 93 NY2d 73, 76 [1999], quoting People v Castillo, 80 NY2d 578, 585 [1992]). Adopting "all reasonable inferences" (People v Hanlon, 36 NY2d 549, 559 [1975]) that may be derived from the information provided to the issuing court, and avoiding "technical requirements or interpreting [the facts] incompatibly with common sense" (People v Cahill, 2 NY3d 14, 41 [2003]), we find that the issuing court reasonably concluded that there was probable cause to issue the warrant.

Accordingly, the judgment of conviction is affirmed.

WESTON, J.P., PESCE and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 20, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>