People v Flores

2026 NY Slip Op 02215

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jefry Flores, Defendant-Appellant.

Decided and Entered: April 14, 2026

Ind. No. 1961/19|Appeal No. 6342|Case No. 2021-02571|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Connor S. Glendinning of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered June 29, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree and attempted criminal possession of a weapon in the second degree, and sentencing him to concurrent three-year terms, unanimously affirmed.

Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). The court explained to defendant that "[o]rdinarily you would retain the right to appeal even after pleading guilty. So a waiver of the right to appeal is separate and distinct from the waiver of the right of a trial and other rights of a plea of guilty," and the court's colloquy closely tracked the Model Colloquy (see People v Maldonado, 242 AD3d 419, 420 [1st Dept 2025], lv denied 44 NY3d 1053 [2025]). Further, the written waiver stated, "I understand that my right to appeal is separate and distinct from the rights automatically forfeited upon a guilty plea." The fact that the colloquy about the waiver occurred after allocution does not render his waiver of his right to appeal invalid (see People v Jessamy, 237 AD3d 619, 619 [1st Dept 2025], lv denied 43 NY3d 1046 [2025]). The valid waiver of the right to appeal forecloses our review of defendant's challenge to the search warrant (see People v Wallace, 240 AD3d 437, 438 [1st Dept 2025], lv denied 44 NY3d 1014 [2025]).

As an alternative holding, we find that there was a sufficient factual predicate upon which to issue the search warrant in this case (see People v Griminger, 71 NY2d 635, 639 [1988]; see also People v Parris, 83 NY2d 342, 350 [1994] ["An identified citizen informant is presumed to be personally reliable"]); People v Goldman, 189 AD3d 698, 700 [1st Dept 2020], lv denied 36 NY3d 1097 [2021]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026