mothers are being treated for communicable diseases—being self-limited. We note that defendants do not address plaintiff's theories of liability based on lack of informed consent (*cf.*, *Hughson v St. Francis Hosp.*, 92 AD2d 131), and malpractice in their treatment of him after he had contracted the disease. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.

■ The People of the State of New York, Respondent, v Elvin Lebron, Appellant. [656 NYS2d 201] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered December 14, 1994, convicting defendant, upon a plea of guilty, of manslaughter in the first degree, robbery in the first degree, criminal possession of a weapon in the third degree, and violation of probation, and sentencing him to concurrent terms of $7^1/3$ to 22 years, 11 to 22 years, 1 to 3 years and 1 to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's request to withdraw his guilty plea. It is clear from the record that defendant's plea was voluntary, knowing and intelligent (*see, People v Fiume-freddo*, 82 NY2d 536), and that he was given a full opportunity to advance his claim (*see, People v Montalvo*, 228 AD2d 197, *lv denied* 88 NY2d 990).

The court properly denied defendant's motion to suppress evidence. The arresting officer had probable cause to arrest since he was aware at the time that one of the robbery victims had identified defendant's photo. We decline to disturb the hearing court's credibility determinations in this regard.

Defendant's guilty plea to manslaughter in the first degree was valid since that crime is considered an acceptable plea in satisfaction of a felony murder count involving the same victim (CPL 220.10 [4]; *People v Johnson*, 89 NY2d 905; *People v Adams*, 57 NY2d 1035). We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.

■ The People of the State of New York, Respondent, v Robert Rodriguez, Appellant. [655 NYS2d 953] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered October 24, 1994, convicting defendant, upon his plea of guilty, of murder in the second degree, robbery in the first degree, and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 21 years to life, $12^1/2$ to 25 years, and $7^1/2$ to 15 years, respectively, unanimously affirmed.

The court properly denied defendant's request to withdraw his guilty plea. It is clear from the record that defendant's plea