◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEM GOVANTES, Appellant. [748 NYS2d 1]

Defendant's suppression motion was properly denied. The police properly stopped a vehicle in which defendant was a passenger as the result of a rapid sequence of events occurring in the early morning hours. Immediately after they heard the sound of a nearby gunshot, the officers observed two unidentified youths running. The youths flagged the officers down to report that they had just been shot at by persons who were departing the scene in a white car. The officers simultaneously noticed a white car leaving the area, pursued it and pulled it over several blocks away.

The warrantless search of the vehicle's passenger compartment, which led to the recovery of a revolver, was proper under the automobile exception to the warrant requirement inasmuch as the police had probable cause to arrest the occupants (*see People v Belton*, 55 NY2d 49; *People v Simpson*, 244 AD2d 87, *lv withdrawn sub nom. People v Abreu,* 92 NY2d 947). Although the youths were unidentified, the information they supplied formed the basis for probable cause given the corroborating circumstances. The youths reported that they had just been victims of an attempted murder, this was a face-to-face encounter in which the officers observed the youths' agitated demeanor (*cf. People v Vasquez*, 88 NY2d 561, 574-575 [recognizing reliability of excited utterances and present sense impressions]), and the officers heard the gunshot and saw the white vehicle as it was attempting to leave the scene.

Furthermore, the officers' limited search of the vehicle was justified as a protective measure given the well-founded basis for the police to believe that the vehicle's occupants possessed a weapon and had already shown a willingness to fire it (*see People v Carvey*, 89 NY2d 707; *People v Then*, 248 AD2d 159, *lv denied* 92 NY2d 906). Concur—Wallach, J.P., Lerner, Friedman and Gonzalez, JJ.