■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN ROBERSON, Appellant. [750 NYS2d 597] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered January 13, 2000, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 2¼ to 4½ years, unanimously affirmed.

Defendant's suppression motion was properly denied. The police had probable cause to arrest defendant because the victim supplied a photograph of defendant to the officer, identified him as one of the robbers, explained his role in the incident and subsequently selected his picture from a photo array (*see People v Lebron*, 238 AD2d 150, *lv denied* 90 NY2d 895, *cert denied* 522 US 1032). While the police were also in possession of some exculpatory evidence, including an allegedly inconsistent statement by the victim and an assertion by an eyewitness, who was defendant's former girlfriend, that defendant was not one of the perpetrators, this type of equivocation in these circumstances was not so substantial as to undermine probable cause, which clearly does not require proof beyond a reasonable doubt (*see Brinegar v United States*, 338 US 160, 175; *People v Bigelow*, 66 NY2d 417, 423). "In any investigation the police are likely to encounter discrepancies, particularly in cases involving eyewitness identification. These matters may impair their ability to prove guilt beyond a reasonable doubt at trial, but they generally have little bearing at preliminary stages where the only relevant concern is whether there is sufficient evidence to show probable cause to believe the defendant committed the crime." (*Gisondi v Town of Harrison*, 72 NY2d 280, 285.) Similarly, the court properly exercised its

discretion in limiting defendant's exploration of the allegedly exculpatory information at the hearing (*cf. Delaware v Van Arsdall*, 475 US 673, 678-679).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of identification and credibility were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94).

Defendant's remaining claims are substantially similar to claims rejected by this Court on the codefendant's appeal (*People v Johnson*, 287 AD2d 274, *lv denied* 97 NY2d 705), and there is no basis for reaching a different result herein. Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.