■ The People of the State of New York, Respondent, v Shahana Taylor, Appellant. [877 NYS2d 70]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J., at hearing; Gregory Carro, J., at jury trial and sentence), rendered January 16, 2008, convicting defendant of

criminal possession of a weapon in the third degree, and sentencing her, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. An identified citizen witness told the police that, in his presence, defendant had just engaged in activity constituting, at least, criminal trespass. This was enough to establish probable cause (*see People v Bigelow*, 66 NY2d 417, 423 [1985]; *Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). The complainant's status as a citizen informant satisfied the reliability prong of the *Aguilar/Spinelli* test (*see People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Hicks*, 38 NY2d 90 [1975]), and his accusation, whether true or not, was based on personal knowledge (*compare People v Parris*, 83 NY2d 342, 350 [1994]). Issues relating to the complainant's credibility were matters to be resolved at trial, and the circumstances presented to the arresting officers did not negate probable cause (*see People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]). Moreover, the complainant's accusation was corroborated by another person present in the apartment.

We have considered and rejected defendant's remaining claims. Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.