■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOCKEEM SMITH, Appellant. [880 NYS2d 289]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered October 16, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the

second degree, and sentencing him to a term of 3¹/₂ years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had probable cause to arrest defendant for assault, based on information provided by an unidentified citizen-informant that satisfied both prongs of the *Aguilar/Spinelli* test (*Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). The basis of knowledge test was satisfied when the informant stated that she had personally witnessed the assault. Although the police did not have an opportunity to ascertain her identity during this fast-paced incident, the reliability of her information was supported by several factors. She gave both the 911 operator and the officers who arrived at the scene a detailed description of an assault on a pregnant woman pushing a baby stroller, including a detailed description of defendant's clothing, and the officers were able to independently corroborate this information provided when they saw a woman and a man fitting the informant's descriptions. Furthermore, the officers observed the informant's excited demeanor, which suggested that she had just witnessed a disturbing event (*see People v Govantes*, 297 AD2d 551 [2002], *lv denied* 99 NY2d 558 [2002]). Finally, the predicate for police action was heightened when defendant did not simply exercise his "right to be let alone," but "actively fled from the police" (*People v Moore*, 6 NY3d 496, 500-501 [2006]) and put up a violent struggle when the police stopped him.

Although between the time that the police detained defendant and the time they recovered a weapon from his person, the alleged assault victim stated that defendant, her boyfriend, did not assault her and that she had only been arguing with him, this did not negate probable cause, given the other circumstances. Instead, it merely presented the officers with a contradictory version of the events, which, by itself, did not vitiate probable cause (*see e.g. People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]). In any event, regardless of whether defendant was still lawfully under arrest for assault at the time of the seizure, he was lawfully under arrest for resisting arrest because he had resisted an arrest that had clearly been lawful at the time of the resistance.

Defendant's remaining suppression argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ.