■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE DUNNELL, Appellant. [881 NYS2d 87]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered August 1, 2006, as amended on or about December 4, 2008, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Following this Court's remand (50 AD3d 606 [2008]), the hearing court properly denied defendant's suppression motion. The police responded to a radio transmission indicating that there was a robbery in progress and observed an identified citizen informant holding defendant against a car. The hearing evidence supports the conclusion that when the police arrived, the complainant continued to hold defendant and exclaimed that defendant had robbed him, whereupon the police handcuffed

defendant, despite defendant's assertion that the other man had robbed him. We conclude that the police had probable cause for defendant's arrest at the moment of the handcuffing. The requirements of probable cause (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]) were satisfied because the complainant's status as a citizen informant established his reliability (*see People v Hetrick*, 80 NY2d 344, 348 [1992]; *People v Hicks*, 38 NY2d 90 [1975]), and he was speaking from personal knowledge. Moreover, his behavior in continuing to hold defendant after the police arrived was more consistent with that of a crime victim than a perpetrator. While defendant's claim to have been the actual victim may have raised a credibility issue to be resolved at trial, it did not undermine probable cause for his arrest (*see People v Taylor*, 61 AD3d 537 [2009]; *People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]). Even if the circumstances could be viewed as providing probable cause to arrest both men on each other's complaints (*cf. Matter of Holtzman v Hellenbrand*, 130 AD2d 749 [1987], *lv denied* 70 NY2d 607 [1987] [whether to permit a defendant to make a cross complaint against an accuser is a matter of prosecutorial discretion]), this did not render defendant's arrest unlawful.

The court properly exercised its discretion in denying defendant's request for a mistrial or lengthy midtrial continuance for the purpose of obtaining further information about the underlying facts of one of the complainant's prior convictions (*see People v Pitts*, 255 AD2d 220 [1998], *lv denied* 93 NY2d 976 [1999]). Defendant received ample opportunity to cross-examine the complainant about this conviction and its underlying facts, and his suggestion that the additional information would have had significant probative value is speculative.

The court's curative instruction was sufficient to prevent the challenged portion of the prosecutor's summation from causing any prejudice. Concur—Tom, J.P., Mazzarelli, Andrias and Acosta, JJ.