■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FERNANDEZ, Appellant. [891 NYS2d 338]—

Defendant's statements were not the product of an unlawful arrest. There was ample probable cause, and the victim's statement at a hospital showup that defendant was "not the guy" did not, under the totality of circumstances, obligate the police to release defendant without questioning him. In very close temporal and spatial proximity to the stabbing of an elderly man, the police encountered defendant, who was the only person in the area. Defendant's pants were bloody, and he had an obvious stab wound on his hand. Defendant claimed he had been scratched by his girlfriend, and the girlfriend confirmed by

telephone that she had recently inflicted a minor scratch, but the officer reasonably concluded that a scratch could not have caused defendant's condition, and that he was lying. In addition, the police found a bloody knife under a bench in defendant's immediate vicinity, and defendant's clothing matched the description given by the victim. Given all this evidence, the severely wounded victim's statement that this was "not the guy" did not negate probable cause, and the police acted reasonably in not treating it as an exoneration (*see People v Smith*, 63 AD3d 510 [2009], *lv denied* 13 NY3d 749 [2009]; *People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]).

The hearing court, which suppressed defendant's initial statement to police for lack of timely *Miranda* warnings, correctly found attenuation with regard to both of defendant's subsequent statements, given the lengthy passage of time, and the changes in location and interrogators (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]; *see also Missouri v Seibert*, 542 US 600 [2004]). The continued presence of a particular detective was insignificant because he was not involved in the questioning; his role was limited to such matters as transporting defendant and asking him if he needed anything. We have considered and rejected defendant's remaining arguments concerning the alleged involuntariness of his statements.

Since the issue was never litigated at trial, the court properly denied defendant's request to submit to the jury the issue of the voluntariness of his statements (*see e.g. People v Scurlock*, 33 AD3d 366 [2006], *lv denied* 7 NY3d 928 [2006]). In any event, there is no reasonable possibility that, had it been instructed on the issue of voluntariness, the jury would have found either of the statements involuntary. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.