■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant. [918 NYS2d 495]—

The court properly denied defendant's suppression motion. Police officers, as part of a "Clean Halls" initiative, at the request of the landlord, properly approached defendant to request information after they saw him acting suspiciously in a hallway of a building known for the presence of trespassers and

drug dealers. Before the plainclothes officers were able to identify themselves, defendant pushed one of the officers with enough force to knock him down, and ran downstairs. This gave rise to at least reasonable suspicion that defendant had committed harassment or attempted assault. Accordingly, the police lawfully pursued defendant, as a result of which defendant dropped his bag, causing cocaine to spill out. We reject defendant's attempt to extend *People v Felton* (78 NY2d 1063 [1991]) and its progeny to this case, as those cases are limited to circumstances where a defendant is responding to unlawful conduct by police. Defendant claims that he was justified in using physical force against the disguised officers, whom he reasonably believed to be robbers. However, we find that the officers acted reasonably in pursuing him. Any evidence suggesting justification under Penal Law article 35 was not so substantial as to negate reasonable suspicion of criminality or immunize defendant from being chased by the police (*cf. People v Dunnell*, 63 AD3d 535 [2009], *lv denied* 13 NY3d 796 [2009] [possibility that complainant was actual aggressor and defendant was actual victim did not undermine probable cause]; *see also People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.