THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JACKSON, Appellant. [934 NYS2d 311]—

The court properly denied defendant's suppression motion. The record supports the hearing court's finding that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The lineup participants were sufficiently similar, and none of the differences between defendant and the others, when viewed in light of the description given by the victim, created a substantial likelihood that defendant would be singled out for identification (*see People v Jackson*, 98 NY2d 555, 558-559 [2002]). The age and clothing disparities among the lineup participants were not so noticeable as to call attention to defendant. The record does not support defendant's claim that the police pressured the victim into identifying someone. We have considered and rejected defendant's remaining arguments concerning the lineup.

Defendant's Fourth Amendment claim is without merit. Probable cause for defendant's arrest was amply provided by the victim's identification of the person depicted in a surveillance photograph as the perpetrator of the crime, coupled with evidence establishing that defendant was the person depicted. Defendant's challenges to the reliability of the evidence may have raised issues to be resolved at trial, had defendant chosen to go to trial, but they do not negate or undermine probable cause (*see People v Roberson*, 299 AD2d 300 [2002], *lv denied* 99 NY2d 619 [2003]). Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.