People v Williams (2018 NY Slip Op 02881)





People v Williams


2018 NY Slip Op 02881


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6368 5590/13

[*1]The People of the State of New York, Respondent,
v
Darrell Williams, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 7, 2015, as amended March 12, 2015, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
The court properly denied defendant's suppression motion. When an identified eyewitness/victim told the police that defendant had just tried to rob him, this provided probable cause to arrest defendant (see People v Hetrick, 80 NY2d 344, 348 [1992]; People v Hicks, 38 NY2d 90 [1975]). Moreover,
the reliability of this accusation was enhanced by the officers' observations that the complainant was nervous and had a bruised face and a bloody nose. Even assuming that some of the circumstances, such as that the men were yelling at each other, may have suggested the possibility of a dispute rather than an attempted robbery, these circumstances were insufficient to negate probable cause (see People v Dunnell, 63 AD3d 535 [1st Dept 2009], lv denied 13 NY3d 796 [2009]; People v Roberson, 299 AD2d 300 [1st Dept 2002], lv denied 99 NY2d 619 [2003]).
We have considered and rejected defendant's remaining claims, including his argument that, in order to meet their burden at the suppression hearing, the People were required to call an additional officer as a witness.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK