People v Badillo (2020 NY Slip Op 03598)





People v Badillo


2020 NY Slip Op 03598


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11696 1156/15

[*1] The People of the State of New York, Respondent,
v
Victor Badillo, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered April 27, 2018, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
By modifying his initial offer of proof, defendant expressly withdrew his claim that he was entitled to ask his psychiatric expert about a self-exculpatory statement he made to the expert, bearing on the facts of the crime. The record fails to support defendant's assertion that his trial counsel merely acquiesced in the court's allegedly erroneous determination that the statement was inadmissible, nor does it establish that the court made a final adverse ruling on defendant's initial offer of proof. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that, under the circumstances of the case, the exculpatory statement was not admissible to explain how the defense expert arrived at her opinion about defendant's ability to form the intent to forcibly steal property. Furthermore, defendant received ample scope in which to present a psychiatric defense and to explain the bases for his expert's opinion, including testimony about other statements defendant made to the expert. To the extent that defendant is claiming he was constitutionally entitled to introduce the evidence at issue, that claim is likewise unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
In this case involving the alleged use of force to retain stolen merchandise, the court providently exercised its discretion in permitting the People's expert to testify that defendant told him he had previously shoplifted, and that he thought he could get away with it. Unlike the hearsay evidence that defendant had initially sought to introduce through his own expert, this limited and nonprejudicial evidence of uncharged crimes was probative to explain the People's expert's opinion that defendant, despite his schizophrenia, had the ability to form an intent to forcibly steal. The court permitted only minimal testimony and twice gave limiting instructions, which the jury is presumed to have followed.
The court properly denied defendant's suppression motion. The police had probable cause to arrest defendant when a citizen informant (later identified as a store employee) pointed to defendant and yelled that he had a knife (see People v Taylor, 61 AD3d 537 [1st Dept 2009], lv denied 13 NY3d 750 [2009]). The witness's excited demeanor plainly suggested criminal [*2]activity involving the knife, rather than innocuous possession of a possibly legal item. Probable cause was enhanced when defendant failed to comply with police directives to stop and to show his hands.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK