People v Reid (2023 NY Slip Op 00823)

People v Reid

2023 NY Slip Op 00823

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Ind No. 3884/14 0438/15 Appeal No. 17315 Case No. 2016-2618 

[*1]The People of the State of New York, Respondent,
v
Saif Reid, Defendant-Appellant. 

O'Connor & Petromelis, LLP, New York (Simone Petromelis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at motions; Edward J. McLaughlin, J. at hearing, plea and sentencing), rendered December 15, 2015, as amended February 19, 2016, convicting defendant of assault in the first degree and intimidating a victim or witness in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, unanimously affirmed.
The court properly denied defendant's motion to suppress identification testimony, without granting a Wade hearing, because the victim's identification of defendant in a photo array was a confirmatory identification (see People v Rodriguez , 79 NY2d 445 [1992]; People v Tas , 51 NY2d 915 [1980]). The victim knew defendant by a nickname and knew his specific gang affiliation. The two were housed in adjoining sections of the same correctional facility, where they had the opportunity to see each other and to communicate across a short bridge that separated the two units. Moreover, defendant communicated with the victim repeatedly in the week preceding the attack.
Defendant's challenge to the consolidation of the two indictments for trial is forfeited by his guilty plea (see People v Rodriguez , 238 AD2d 150, 151 [1st Dept 1997], lv denied 90 NY2d 897 [1997]). In any event, the motion court correctly granted consolidation of the charges, which involved the same criminal transaction (see CPL 200.20[2][a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023