People v Cilia-Aragon (2026 NY Slip Op 50141(U))

[*1]

People v Cilia-Aragon (Oswaldo)

2026 NY Slip Op 50141(U)

Decided on February 11, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570272/19

The People of the State of New York, Respondent
againstOswaldo Cilia-Aragon, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J., at suppression hearing; Margaret W. Martin, J., at plea and sentencing), rendered April 3, 2019, convicting him, upon his plea of guilty, of driving while impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven J. Hornstein, J., at suppression hearing; Margaret W. Martin, J., at plea and sentencing), rendered April 3, 2019, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). The hearing evidence established that police had probable cause to arrest for driving under the influence of alcohol. Defendant was observed near a vehicle that was perched on the concrete median separating Hunts Point Avenue; he admitted through an EMS translator that he was the driver of the vehicle, that he had been drinking and that his vision was blurry. Defendant also exhibited signs of intoxication, including bloodshot, watery eyes, unsteadiness on his feet, and the strong smell of alcohol on his breath (see People v Johnson, 140 AD3d 978, 979 [2016], lv denied 28 NY3d 931 [2016]).
Contrary to defendant's contention, the finding of probable cause was not negated or undermined by his subsequent statement that he was not driving the car, which he made after he was informed of the potential deportation consequences of his admission (see People v Gaspar, 132 AD2d 990, 992 [1987], appeal dismissed 71 NY2d 887 [1988]; see also People v Dunnell, 63 AD3d 535, 536 [2009], lv denied 13 NY3d 796 [2009]; People v Roberson, 299 AD2d 300, 300 [2002], lv denied 99 NY2d 619 [2003]). While defendant's conflicting statements may have raised issues to be resolved at trial, had he chosen to go to trial, they do not undermine probable cause (see People v Jackson, 90 AD3d 519, 519 [2011], lv denied 19 NY3d 997 [2012]). Probable cause does not require proof "beyond a reasonable doubt or evidence sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (People v McRay, 51 NY2d 594, 602 [1980][internal citation omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 11, 2026